```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| CECIL TOWNSHIP,                                )<br>    Plaintiff,                    )<br>                                               )<br>  v.                                           )<br>                                               )<br>JOSEPH KLEMENTS and JANICE    )<br>KLEMENTS, husband and wife,   )<br>    Defendants.                   ) | Civil Action No. 07-561 |

### MEMORANDUM

Gary L. Lancaster,
District Judge.                                              June 8, 2007

    The parties are familiar with the background of this contentious litigation and it need not be detailed here. We need only state that plaintiff, Cecil Township, filed a petition for contempt against defendants in the Court of Common Pleas of Washington County, Pennsylvania. The Petition for Contempt alleges that defendants have violated the terms of a consent decree entered into by the parties and lying within that court's jurisdiction. Defendants removed the matter to this court contending that the Petition for Contempt is actually a "compulsory counterclaim" to a federal complaint defendants filed against plaintiff here at Civil Action No. 06-464 and thus, the court may exercise supplemental jurisdiction over the Petition for Contempt.

    Plaintiff has filed a motion for remand. For the reasons that follow, the motion for remand will be granted.

Under the removal statute, 28 U.S.C. § 1441, absent diversity of citizenship (as in the present case) a defendant's power to remove a state court action to federal court turns on whether plaintiff's claim arises under federal law within the meaning of 28 U.S.C. § 1331. See <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 & nn. 5 & 6 (1987). Moreover, for both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal. <u>See</u> <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 113 (1936). If it does not appear there, "no statement in the petition for removal . . . can supply that want . . ." <u>Tennessee v. Union & Planters' Bank</u>, 152 U.S. 454, 464 (1894). More recently, the Court reiterated: "[t]he federal questions 'must be disclosed upon the face of the complaint . . . .'" <u>Phillips Petroleum Co. v. Texaco Inc.</u>, 415 U.S. 125, 127-28 (1974) (<u>per</u> <u>curiam</u>) (quoting <u>Gully v. First Nat'l Bank</u>, 299 U.S. at 112).

Plaintiff's state court Petition for Contempt sounds purely in Pennsylvania law, language and theory. It neither expressly advanced nor impliedly suggested a federal cause of action.

Defendants' contention that the Petition for Contempt should be viewed as a "compulsory counterclaim" to defendants' earlier filed federal complaint does not help defendants' cause. A court may exercise supplemental jurisdiction and hear a state

law claim if it constitutes a compulsory counterclaim to a claim that is properly filed in federal court. But that general principal does not authorize removal. On the contrary, the removal statute does not authorize removal of claims over which the court may exercise supplemental jurisdiction, only claims within the courts' original jurisdiction. 28 U.S.C. § 1441.

There is no basis for federal jurisdiction over the Petition for Contempt. This case will be remanded to state court.

The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECIL TOWNSHIP,<br>      Plaintiff,<br><br>v.<br><br>JOSEPH KLEMENTS and JANICE<br>KLEMENTS, husband and wife,<br>      Defendants. | )<br>)<br>)<br>) Civil Action No. 07-561<br>)<br>)<br>)<br>) |

ORDER OF COURT

And now this 8th day of June, 2007, IT IS HEREBY ORDERED that plaintiff's Motion for Remand is granted. The Clerk of Court is directed to remand this case to the Court of Common Pleas of Washington County, Pennsylvania forthwith.

BY THE COURT:

_____, J.

cc:  All Counsel of Record

4